**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2145-18T1

JANET YIJUAN FOU,

      Plaintiff-Respondent,

v.

JOE ZHUOWU FOU,

      Defendant-Respondent.

_____

KEVIN K. TUNG, ESQ.,

      Appellant.

_____

           Submitted December 16, 2019 – Decided June 12, 2020

           Before Judges Rothstadt, Moynihan and Mitterhoff.

           On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1685-09.

           Kevin K. Tung, appellant pro se.

Pashman Stein Walder Hayden, PC, attorneys for respondent Janet Yijuan Fou (James A. Plaisted and Michael J. Zoller, of counsel and on the brief).

PER CURIAM

Kevin K. Tung, a New Jersey attorney, appeals from a Family Part order that denied his motion to intervene in a divorce action. Tung previously represented plaintiff Janet Yijuan Fou in the divorce action, but he had been procured to do so by defendant Joe Zhuowu Fou. The matter concluded with the Fous executing a final judgment of divorce (JOD) that incorporated a property settlement agreement (PSA) prepared by Tung. Plaintiff later moved for relief from the JOD pursuant to Rule 4:50-1. After a multi-day hearing, a Family Part judge granted plaintiff's motion. In October 2014, the judge issued an amended final JOD, which we affirmed. Fou v. Fou, No. A-1569-14 (App. Div. July 21, 2016).

Thereafter, the Office of Attorney Ethics (OAE) placed Tung under investigation. Plaintiff also sued Tung for malpractice and obtained a judgment against him. Tung then filed unsuccessful motions to intervene in this action with this court and the Family Part, arguing that the JOD should not have been vacated. This appeal ensued.

We summarize the pertinent facts recited in our prior opinion. See Fou, slip op. at 1-8. The Fous were married in China in 1975, and they relocated to the United States in 1985. Plaintiff spoke Mandarin and, at all times relevant to this appeal, had a limited understanding of the English language. The parties began to discuss divorce in 2007, and they executed two agreements in Mandarin that allowed for equal distribution of property and assets of a family business at a future date. In February 2009, the parties jointly met with Tung, an attorney that defendant had chosen. Plaintiff signed a retainer agreement with Tung. That same month, the parties executed two additional agreements in Mandarin that provided for equal division, at a future date, of certain family and business assets located in China.

Tung also prepared a PSA, written in English. The PSA stipulated that defendant would pay plaintiff one-third of his salary as support; each party would be responsible for his or her debts and obligations; the marital residence would be sold and the net proceeds divided equally; each party would retain all other assets in his or her possession; and there would be no other equitable distribution. Tung filed a complaint on plaintiff's behalf, and on May 4, 2009, the judge entered a JOD, which incorporated the PSA.

A-2145-18T1

In September 2011, plaintiff moved, pursuant to Rule 4:50-1, for relief from the parties' JOD, claiming that the PSA differed markedly from their prior agreements. On September 12, 2012, a Family Part judge granted plaintiff's motion. In so doing, the judge found that Tung had conflicting loyalties, as defendant procured his services, but Tung represented plaintiff during the parties' divorce. The judge also determined that despite representing plaintiff, Tung prepared the PSA based on defendant's instructions. The judge further concluded that plaintiff's retainer agreement was invalid, as independent counsel had not reviewed the agreement. The judge noted blatant inconsistencies between the prior agreements and the PSA, which made no mention of dividing company assets. Therefore, the judge invalidated all of the agreements and determined that the issues of equitable distribution and spousal support would need to be re-litigated.

Thereafter, default was entered against defendant pursuant to Rule 4:43-1, and plaintiff filed a notice of equitable distribution in accordance with Rule 5:5-10. After considering plaintiff's notice of equitable distribution, another judge filed an amended final JOD on October 22, 2014. The amended JOD awarded plaintiff alimony and assets that amounted to around half of the parties' total assets. It also awarded plaintiff attorney's fees of $229,389.69.

Defendant appealed from the amended final JOD, and we affirmed. Fou, No. A-1569-14. Our Supreme Court denied certification. See Fou v. Fou, 238 N.J. 370 (2019). The day after the opinion was rendered, we forwarded our opinion to the OAE. In August 2012, plaintiff sued Tung for malpractice. See Fou v. Tung, MID-L-6259-12. The malpractice action proceeded to trial, and on April 25, 2018, a jury found in plaintiff's favor.[1]

On August 30, 2018, the OAE filed a complaint against Tung. The complaint alleged several violations of the Rules of Professional Conduct stemming from his activities in this matter. In the fall of 2018, Tung filed motions in the Family Part and in this court to intervene in the original divorce action. Both the Family Part and this court denied Tung's motions. The Family Part judge entered an order on December 18, 2018 stating,

> Tung's [motion] fails because he is unable to implead into this matter under [Rule] 4:31 [sic]. Moreover, [his] prior application to intervene was rejected, and thereafter submitted to the Appellate [Division] where the appeal was denied. Finally, . . . Tung's claims are not against [p]laintiff or [d]efendant in the instant matter, but instead involve the actions of the [t]rial [j]udge.

This appeal ensued.

---

[1] Final judgment was entered against Tung on January 11, 2019.

On appeal, Tung raises the following arguments:

I. THE [JUDGE] . . . ERRED IN DENYING [TUNG'S] MOTION TO INTERVENE.

A. [TUNG'S] MOTION TO INTERVENE IS AS OF RIGHT.

B. NO UNDUE DELAY OR PREJUDICE TO THE ORIGINAL PARTIES.

C. THE FOUR CRITERIA FOR INTERVENTION AS OF RIGHT ARE MET.

II. [THE FAMILY PART JUDGE'S] OPINION AND [THE] OPINION OF THE APPELLATE DIVISION VIOLATE . . . TUNG'S DUE PROCESS RIGHT.

A. THE RIGHT TO PRACTICE LAW IS A PROPERTY RIGHT.

B. THE OPINIONS OF [THE FAMILY PART JUDGE] AND [THE] APPELLATE DIVISION RISE TO A LEVEL OF A PUBLIC REPRIMAND–DUE PROCESS MUST BE GIVEN BEFORE RENDERING A DECISION.

III. [THE FAMILY PART JUDGE'S] DECISION WAS PREMATURE AND A PRODUCT OF [FRAUD] UPON THE COURT BY [PLAINTIFF'S] ATTORNEYS.

A. TIMELINES OF MAJOR EVENTS LEADING TO THE FRAUD UPON THE COURT BY PLAINTIFF'S ATTORNEYS.

B. ATTORNEYS FOR PLAINTIFF'S RESPONSES TO [THE OAE].

C. ATTORNEYS [WHO] MADE THE MISREPRESENTATION HAD A FINANCIAL INTEREST IN THE OUTCOME OF THE CASE.

D. FRUIT OF THE POISONOUS TREE DOCTRINE ON [THE FAMILY PART JUDGE'S] DECISION.

E. [THE FAMILY PART JUDGE'S] DECISION MUST BE SET ASIDE, BECAUSE IT IS A PRODUCT OF FRAUD UPON THE COURT.

IV. PUBLIC POLICY MANDATES THE DISMISSAL OF THE MALPRACTICE COMPLAINT.

We conclude that Tung's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments.

Our Rules of Court govern intervention at trial, and the trial judge's interpretation of those rules is subject to de novo review. Washington Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 560 (App. Div. 2010).

Rule 4:33-1, which governs intervention as a matter of right, sets forth four criteria:

> The applicant must (1) claim "an interest relating to the property or transaction which is the subject of the transaction," (2) show he is "so situated that the disposition of the action may as a practical matter

7

> impair or impede his ability to protect that interest," (3) demonstrate that the "applicant's interest" is not "adequately represented by existing parties," and (4) make a "timely" application to intervene.
>
> [Meehan v. K.D. Partners, L.P., 317 N.J. Super. 563, 568, (App. Div. 1998) (quoting Chesterbrooke Ltd. P'ship v. Planning Bd., 237 N.J. Super. 118, 124 (App. Div. 1989)).]

In deciding a request to intervene pursuant to Rule 4:33-1, if the movant meets the rule's requirements, intervention must be permitted. See Am. Civil Liberties Union of N.J., Inc. v. County of Hudson, 352 N.J. Super. 44, 70 (App. Div. 2002).

Tung unpersuasively asserts that the judge should have allowed him to intervene as of right because he maintains a property interest in his privilege to practice law in New Jersey. However, Tung does not claim "an interest relating to the property or transaction which is the subject of the transaction," as required by Rule 4:33-1. Namely, Tung's ability to practice law in New Jersey is unrelated to the Fous' original divorce proceeding. Tung's motion therefore fails on the first and most fundamental requirement of Rule 4:33-1. As the judge found, Tung's motivation to intervene was his desire to challenge prior court rulings, thereby potentially launching a collateral attack on the malpractice judgment against him. As the judge correctly determined, that

motivation is woefully insufficient to allow him to intervene in the parties' divorce action.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2145-18T1